UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:   Michael B. White and
Darla Kay White (Whites IV),

Debtors,

MICHAEL B. WHITE, and
DARLA KAY WHITE,

Appellants,                          Case No. 16-cv-11188
v.                                          Honorable Thomas L. Ludington

COLLENE K. CORCORAN, United States Trustee,

Appellee.

_____/

## ORDER DENYING MOTION TO STRIKE AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

On April 1, 2016, Appellant Michael White, acting on his own behalf and purportedly on behalf of his deceased wife, initiated this latest appeal of his bankruptcy proceedings. *See* ECF No. 1.  On April 19, 2016 the Trustee's former attorney Thomas J. Budzynski, purportedly acting on his own behalf as a creditor of the estate, filed a motion to dismiss White's appeal. *See* ECF No. 3. Mr. White responded by filing a motion to strike Mr. Budzynski's motion for lack of standing. *See* ECF No. 4.  For the reasons stated below, White's motion to strike will be denied. Mr. Budzynski's motion to dismiss will be granted, however his request for costs will be denied without prejudice.

**I.**

Michael and Darla White were a husband and wife who resided in Birch Run, Michigan. Michael White has worked in the fields of construction and sand mining. Darla White worked for

a number of years in the insurance and trucking industries. The Whites' careers changed significantly in 2007 when Darla White began suffering from a disability. She was no longer able to work and Michael, facing his own issues with employment, took time to care for her.

Darla's health never recovered after 2007 and she was unable to return to work. She eventually passed away during the pendency of the bankruptcy proceedings, on January 1, 2015. *See* Tr. 299-300. While Michael White is likely to be appointed as the personal representative of her estate, at the time he filed his appeal this appointment had not yet occurred. Michael White temporarily found employment in the meat market at a local Meijer's, and now appears to be employed in the construction field.

### A.

The Whites purchased their primary residence at 11085 Block Road, Birch Run, Michigan ("Block Road property"), in 1990. The homestead consisted of 40 acres of farmland and a farmhouse where the Whites resided. They paid the mortgage loan for the house in full in 2006. In 2007, the Whites sought a line of credit from Frankenmuth Credit Union ("FCU"). Their credit request was approved and they obtained a $100,000.00 loan from FCU that was secured by a mortgage against the Block Road property. The loan money was withdrawn using a credit card issued to the Whites.

The Whites withdrew the full amount of the loan within eighteen months of the account being opened. By 2010, the Whites began to fall behind on their loan payments. They stopped making payments altogether in 2011. In response, FCU initiated a foreclosure action in Saginaw County Circuit Court. The Whites defended the action, contending that FCU's mortgage was invalid, but were unsuccessful. The Saginaw County Circuit Court entered a judgment of foreclosure in favor of FCU on July 15, 2011. FCU was authorized to hold a foreclosure sale

after August 5, 2011 and to recover $113,789.23 in costs and fees. On July 30, 2015, before FCU conducted a foreclosure sale, the Whites sought bankruptcy protection and the automatic stay barred the foreclosure sale. *See In Re Whites,* 13-21977 (E.D. Mich. Bankr., Sept. 30, 2013).

**B.**

The Whites proposed an initial plan of reorganization ten months into the bankruptcy. All significant parties in interest objected to confirmation of the plan, including FCU, Ally Financial (holder of the Whites' car loan), and the United States Trustee, and the plan was eventually rejected. The United States Trustee then moved to have their case dismissed or converted to a Chapter 7 proceeding.  FCU and Ally also moved to have the automatic stay lifted, allowing FCU to continue the foreclosure.

In response the Whites filed a second plan of reorganization on August 21, 2014. A hearing was held the next day on the plan, the United States Trustee's motion to dismiss or convert, and the creditors' motion to lift the automatic stay.  The bankruptcy court rejected the Whites' second plan and granted the motion to convert, converting the proceeding to a Chapter 7 bankruptcy, and lifted the stay imposed upon property securing the FCU and Ally loans.

The Whites appealed to this Court on December 5, 2014.  *See In re Whites (Whites I),* Case No. 14-cv-14599 (E.D. Mich. Dec. 5, 2014).  The bankruptcy court's decision to convert the case to a Chapter 7 proceeding was affirmed on July 31, 2015, and the Whites' motion for reconsideration of that opinion was denied on March 7, 2016.

**C.**

In Schedule C of their initial Chapter 11 filing, the White's claimed a variety of exemptions under federal law. *See* Tr. Pg. ID 24.  Prior to the conversion, the Whites amended Schedule C on June 4, 2014.  *See* TR. Pg ID 176-79).  After the bankruptcy filing was converted

to a Chapter 7 proceeding, on October 15, 2014 the Chapter 7 Trustee, Colleen Corcoran, objected to the Whites claimed exemptions. Tr. Pg ID 196-98.  The Trustee argued that because the White's had claimed Michigan exemptions their homestead exemption was limited to $30,000, and generally arguing that the White's had not provided sufficient details in support of their claimed exemptions. *Id*. In response, the Whites again amended Schedule C on December 1, 2014.  Tr. Pg ID 238-45. The Trustee again objected to the amended exemptions, and the Whites again amended Schedule C on December 23, 2014. Tr. Pg ID 247-48; 265-74.   The Trustee again objected. Tr. Pg ID 294.

### D.

In the meantime, on December 11, 2014 Trustee moved for permission to sell property of the bankruptcy estate. *See* Tr. Pg. ID 253-56.  On March 6, 2015, the bankruptcy court issued an order permitting the sale of miscellaneous personal property, including jewelry and tools of trade, and permitted the sale of a potential medical malpractice suit held by Darla White. Tr. Pg. ID 349-54. The order also set parameters for the sale of the Whites automobile. *Id.*  Finally, the order contemplated the sale of three different parcels of property: 11085 Block Road, the Whites' primary residence and the most valuable piece of real estate; 11255 Block Road; and one half of "Lot 35 Shay Lake Sub 2 lot on boat canal Dayton Township, Tuscola County, Michigan" (the "Shay Property"). *Id.*

The 11085 Block Road property was sold at an online auction for $156,115.23. Tr. Pg. ID 682-83. There is no record of any other property of the bankruptcy estate being sold. On April 15, 2015, the Trustee filed a motion in the bankruptcy court to abandon much of the miscellaneous personal property, including the jewelry and tools of trade, and the Whites' personal automobile, and the half lot on Shay Lake back to the Whites. Tr. Pg ID 538-540.  The

- 4 -

11255 Block Road property was specifically not abandoned by the Trustee. *Id.*   On July 13, 2015 the bankruptcy court issued an order restraining Michael White from interfering with the administration of the estate; particularly restraining him from entering onto 11085 Block Road or from contacting the tenants of 11255 Block Road. Tr. Pg. ID 726-27.

The White's filed two separate appeals arising out of the bankruptcy court orders granting the Trustee leave to sell property of the estate.  First, in *In re Whites* (*Whites II*), Case No. 15-cv-11310 (E.D. Mich.) the Whites appealed an order granting the Trustee permission to sell certain property of the bankruptcy estate free and clear of liens, including the property located at 11255 Block Road. It is unclear whether the sale of the 11255 property has yet been finalized.  In the second appeal, *In re Whites* (*Whites III*), Case No. 15-cv-12354 (E.D. Mich.) the Whites appealed an order confirming the auction sale of the property located at 11085 Block Road for $156,115.23, the primary real estate within the bankruptcy estate.  Because the Whites had not obtained a stay, had not posted cash bond, and could not show bad faith on the part of the purchasers, both appeals were dismissed as moot on March 10, 2016.

### E.

On September 30, 2015 the Trustee filed a motion for sanctions against Michael White and the estate of Darla White. Tr. Pg. ID 825-34.  In response, Michael White moved to stay determination of the motion for sanctions, arguing that he needed time to respond to the various filings in both the bankruptcy court and in his appeals, and stating that he would like time

> to more fully investigate grievance procedures against both the trustee with the U.S. Office of the Trustee, Dept. of Justice, and in state attorney regarding both truste [sic] and attorney Thomas Budzynski.  Debtors would further request additional time to contact other debtors and/or debtor attorneys regarding a mass grievance.

Tr. Pg. ID 873-74. The Trustee, in turn, responded that there was no basis in law or fact to grant the stay, and argued that Michael White was merely attempting to harass and hinder the Trustee and delay the proceedings. Tr. Pg. ID 877-80.  On November 23, 2015, the bankruptcy court denied Michael White's request for a stay and directed the Trustee to file a fee application in support of her motion for sanctions. Tr. Pg. ID 892-93.

Through an opinion and order dated March 11, 2016 the bankruptcy court granted the Trustee's motion for sanctions in part.  Noting that Michael White is "a passionate advocate of his rights as he understands those rights" the court found that Michael White's good faith disagreements with the Trustee did not constitute sanctionable conduct.  However, the bankruptcy court found sanctions appropriate with respect to Michael White's attempts to delay the matter in order to investigate grievance procedures with the United States Trustee and the State of Michigan and to contact other debtors and attorneys regarding the initiation of a mass grievance against the Trustee.  The bankruptcy court found these actions impermissible attempts to harass the Trustee, cause unnecessary delay, and increase the costs of administration. The bankruptcy court concluded that Michael White was able to pay a $2,000 sanction, and that the sanction was high enough to deter his impermissible conduct.  Michael White's current appeal is partially based upon that order.

**F.**

The bankruptcy court never expressly addressed the Trustee's objections to the White's claimed exemptions. Accordingly, on December 1, 2015 the Trustee filed a motion for clarification and direction regarding the objections to the White's claimed exemptions, and requesting a hearing. Tr. Pg. ID 895-96.  In response, on January 14, 2016 Michael White filed

yet another amended Schedule C. Tr. Pg. ID 947-76. The Trustee again objected. Tr. Pg. ID 986-95; 1015-17.

<div align="center">

**i.**

</div>

On February 12, 2016 the bankruptcy court issued an order granting the Trustee's motion for clarification and direction. Tr. Pg. ID 1019-27.  That order addressed the White's exemptions as of December 23, 2014, finding that "the debtor Darla K. White is deceased and no longer capable of modifying exemption claims absent authority from a probate court to be represented, there being no current legal representation on file with the court." *See* Tr. Pg. ID 1019.  The court further ordered that "the exemptions claimed by Darla White[] may not be amended unless or until there is a representative appointed by the probate court authorized to practice law in the U.S. Bankruptcy Courts, Darla White being deceased and no longer capable of pursuing these matters in pro per." Tr. Pg. ID 1026-27.

The court further noted that the Whites could only claim exemptions in property in which they had an equity interest.  Therefore, the court found that the White's claimed homestead exemption in the 11085 Block Road Property under 11 U.S.C. § 522(d)(1) in the amount of $11,475.00 for each debtor was illusory given that they held no equity in the property. The Court further found that the Whites' claimed $1,500.00 exemptions in the 11255 Block Road property was also illusory given that the Whites had no equity in the property, unless the Trustee ultimately sold the property for a sum in excess of the secured claims.  The court also found that the debtors claimed $500.00 exemptions under 11 U.S.C. § 522(d)(5) in the Shay Property was allowed, and that the Trustee would abandon the Shay Property.

With regard to personal items, the court allowed the White's claimed 11 U.S.C. § 522(d)(3) exemptions with regard to books, pictures, minor art, clothing and apparel, and

firearms. The court also allowed the Whites' claimed § 522(d)(12) exemption for retirement accounts. The order further addressed claimed vehicle exemptions, licenses owned by Michael White and his wholly owned entities, leases, stock ownership, tools of trade, office equipment, jewelry, health aids, disability, and personal injury assets. The court specifically reserved ruling on the White's classification of $9,900.00 in hay as a household good until the time of the turnover hearing.

The order mistakenly asserted that the December 23, 2014 amendment was the most recent amendment to the Whites' claimed exemptions.

### ii.

On February 26, 2016 Michael White filed a motion for reconsideration of the clarification order, arguing that the order should be stricken as moot. Tr. Pg ID 1028-36. Michael White first argued that only Thomas J. Budzynski – not the entity issuing billings, Thomas J. Budzynski, P.C. – was authorized to represent the Trustee, and was committing fraud upon the Court.  Michael White also argued that the Court had not addressed his most recent amendments, filed on January 14, 2016, and argued that he should be allowed to continue representing Darla White. Finally, Michael White made a variety of specific objections with regard to the court's exemption rulings.

After supplying the court with a copy of Darla White's last will and testament, on March 16, 2016 Michael White filed an ex-parte motion to allow him to represent the estate of Darla. *See* Pg. ID 1072.  In the alternative, he sought an adjournment of two March hearings related to asset turnover and his most recent amended exemptions while he pursued appointment as the personal representative of Darla White's estate. *Id*.

### iii.

The bankruptcy court addressed Michael White's motion for reconsideration and his ex-parte motion on March 18, 2016. *See* Tr. 1082-86. Through that order, the Court amended its order to note that it had not addressed Michael White's most recent, January 14, 2016 exemptions. It also amended its clarification order to state that "the exemptions claimed by Darla White, may not be amended by anyone other than a personal representative of the probate estate of Debtor Darla White, who is appointed by a court of proper jurisdiction, which personal representative is represented by an attorney licensed to practice law before this Court." Noting that Michael White would likely be appointed personal representative of Darla White, the bankruptcy court granted Michael White's motion to adjourn hearings. The Court gave Michael White leave to apply to a court of appropriate jurisdiction for authority to be appointed personal representative of the probate estate of Darla White "upon the condition that Michael White, in his capacity as personal representative, if so appointed, hire and be represented by an attorney licensed to practice law before such court. Michael White, in his capacity as personal representative, shall only be allowed to appear before this Court through such attorney[.]" This constitutes the second order upon which Michael White's current appeal is based.

Based on the record currently in front of this Court, the bankruptcy court has not yet ruled upon Michael White's most recent amendments to his claimed exemptions. It does appear from the Trustee's response that the court held a final turnover hearing on April 28, 2016.

## II.

Appellant White's motion to strike will be addressed first. White argues that Mr. Budzynski's motion to dismiss must be stricken because he does not have standing to challenge White's latest appeal. As explained by the Trustee in her response, Mr. Budzynski began representing the Trustee on October 9, 2014, at which time the bankruptcy court approved Mr.

Budzynski's application for employment as Attorney for the Chapter 7 Trustee. *See* 11 U.S.C. § 327(a) (permitting the Trustee to employ professionals with the court's approval). Mr. Budzynski represented the Trustee through the final turnover hearing on April 28, 2016. On November 30, 2015 Mr. Budzynski filed an administrative claim seeking $55,667.50 in fees and $797.06 in expenses for his work as attorney for the estate as of that date. The Debtor objected to the Fee Application, and – while a hearing was initially scheduled – no hearing has yet taken place. Mr. Budzynski has yet to file a final fee application for work that took place after November 30, 2015. Mr. Budzynski, an employee of the Trustee hired pursuant to § 327(a), thus holds a claim for administrative expenses against the estate pursuant to 11 U.S.C. §§ 330, 503(b), 507(a)(2), and 726.

Pursuant to 11 U.S.C. § 1109(b), "[a] party in interest, including … a creditor …may raise and may appear and be heard on any issue in a case under this chapter." However, as explained by the Seventh Circuit, "[b]ankruptcy standing is narrower than Article III standing. To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. Only those persons affected pecuniarily by a bankruptcy order have standing to appeal that order." *In re Stinnett*, 465 F.3d 309, 315 (7th Cir. 2006). The Trustee notes that because the bankruptcy estate does not have sufficient funds to pay Mr. Budzynski in full, the sanctions awarded against Michael White and the exemptions Mr. White is permitted to take directly affect how much Mr. Budzynski will be paid for his services. Therefore, the Trustee argues that Mr. Budzynski has a pecuniary interest in the outcome of the appeal, and has standing to bring his motion to dismiss.

In response, Michael White argues that it was in fact Mr. Budzynski's corporation, Thomas J. Budzynski, P.C., that provided legal services to the Trustee in this matter; an entity

- 10 -

that is legally distinct from Mr. Budzynski as an individual. This argument is without merit.  On October 9, 2014, the Trustee applied to the bankruptcy court for permission to "employ THOMAS J. BUDZYNSKI, an attorney duly admitted to practice [in the bankruptcy court]." *See In Re Whites,* 13-21977, ECF No. 207. That same date, October 9, 2014, the bankruptcy court issued an order approving the employment of "THOMAS J. BUDZYNSKI." *Id*. at ECF No. 209. Michael White's argument is therefore without merit.

Michael White also argues that Budzynski is not a proper creditor because he is attempting to collect improper fees.  Mr. Budzynski provided court-approved services to the Trustee for over a year. Determining the reasonable compensation Mr. Budzynski is entitled to for necessary services actually rendered pursuant to 21 U.S.C. § 330(a) is an issue that must be addressed in the first instance by the bankruptcy court, and therefore this Court will not address Mr. White's challenges to specific actions taken or fees claimed by Mr. Budzynski.  However, due to his extended representation of the Trustee, and due to the fact that his claim is a priority administrative expense under 28 U.S.C. §§ 503(b) and 507(a)(1)(C), it is clear that Mr. Budzynski has *some* pecuniary interest in the outcome of the current appeal. He therefore has standing to bring his motion to dismiss, which will now be addressed.

### III.

Mr. Budzynski first moves to dismiss the claims purportedly brought on behalf of Darla White.  A Chapter 7 bankruptcy case can continue notwithstanding the death of the debtor.  Rule 1016 of the Bankruptcy Rules of Procedure says: "Death ... of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death ... had not occurred." FED. R. BANKR. P. 1016; *In re Peterson*, 897 F.2d 935, 938 (8th Cir. 1990)

(recognizing that whenever possible the "death of the debtor should not influence the administration or resolution of a bankruptcy proceeding").

Michael White argues that because he is likely to be appointed personal representative of Darla White's estate that he has standing to represent her.  Under Michigan law a personal representative is a fiduciary "under a duty to settle and distribute the decedent's estate in accordance with the terms of a probated and effective will… and as expeditiously and efficiently as is consistent with the best interests of the estate." M.C.L. § 700.3703(1).  As established by M.C.L. § 700.3701, "[a] personal representative's duties and powers commence *on appointment*." *Id*. (emphasis added). "A personal representative's powers relate back in time to give acts by the person appointed that are beneficial to the estate occurring before appointment the same effect as those occurring after appointment." *Id*. A personal representative "must be appointed by the register or by court order, must qualify, and must be issued letters."  M.C.L. 700.3103.

Where the personal representative is not aware of any testacy proceedings or challenges to his or her appointment, "an order of appointment of a personal representative is authority to distribute apparently intestate property to the decedent's heirs …." M.C.L. § 700.3703(2).  Once appointed, a personal representative has the ability to "[p]rosecute or defend a claim or proceeding in any jurisdiction for the protection of the estate and of the personal representative …." M.C.L. § 700.3715(x).  Because Michael White has not produced any evidence that he has been appointed personal representative of Darla White's estate or issued letters by a probate court, he does not have a personal representative's powers and duties over Darla White's estate at this time.

- 12 -

Moreover, even if Michael White had been appointed personal representative of Darla White's estate, he still does not have an unqualified right to represent her estate in a court of law. Although 28 U.S.C. § 1654 permits a party may appear *pro se* on his or her own behalf, "that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Specifically, an administrator of an estate may not proceed *pro se* when the estate has beneficiaries and creditors other than the litigant." *Id.* (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997)). It is undisputed that Michael White is not the sole beneficiary or creditor of Darla White's estate. It is also undisputed that Michael White is not an attorney. He therefore may only represent the interests of Darla White's estate through counsel. To the extent Michael White purports to represent the interests of Darla White's estate, his claims will be dismissed.

## IV.

The next issue is whether Michael White's most recent appeal is an appeal of right or a discretionary appeal of an interlocutory order. Under 28 U.S.C. § 158(a) a district court has jurisdiction to hear appeals from (1) final judgments, orders or decrees, (2) interlocutory orders or decrees increasing or reducing time periods under 11 U.S.C. § 1121(d), and (3) interlocutory orders and decrees with leave of the court. Appeals under the first two sections are appeals as of right. *See* Fed. R. Bankr. P. 8003. A final order under § 158(a)(1) "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). (citations and internal quotations omitted). "Although this standard is more flexible than in nonbankruptcy contexts, an order entered before the conclusion of a bankruptcy case is not subject to review unless it finally resolves a discrete segment of the underlying proceeding." *In re M & S Grading, Inc.*, 526 F.3d 363, 368 (8th Cir.

- 13 -

2008). To appeal from an interlocutory order under § 1121(d)(3), a notice of appeal must be accompanied by a motion for leave to appeal including the necessary facts, the relevant question, the relief sought, and reasons why leave to appeal should be granted. *See* Fed. R. Bankr. P. 8004(a)-(b).

Michael White's current appeal challenges two orders from the bankruptcy court. First, he appeals an order granting in part and denying in part the Trustee's request for sanctions. Tr. Pg ID 1062-69. Second, he appeals an order addressing his motion for reconsideration and his motion to be appointed as the personal representative of Darla White's estate. Tr. Pg. ID 1082-86.

## A.

The first order upon which Michael White's appeal is based awarded the Trustee $2,000.00 in sanctions under Rule 9011(b). Neither Mr. Budzynski nor the Trustee has moved to dismiss this portion of Michael White's appeal. Given the split authority regarding whether an order awarding sanctions is an appealable final order, the Court declines to address the issue at this time.

## B.

The second order at issue clarified and amended a previous order by the bankruptcy court clarifying and providing direction with regard to Michael White's exemption claims as of December 23, 2014. The order did not address Michael White's most recent exemption claims, filed on January 14, 2016. Furthermore, in consideration of Michael White's likely forthcoming appointment as personal representative of the estate of Darla White, the bankruptcy court adjourned hearings scheduled to address the Trustee's motion to turnover assets and the Trustee's objections to Michael White's exemption claims. This Court has not received any

record or appeal of those orders. The March 18, 2016 order therefore did not resolve the bankruptcy proceedings, and is not an appealable final order.

Pursuant to Rule 8004(d), where a party does not attach a motion for leave to appeal an interlocutory order under 28 U.S.C. § 158(a)(3), the Court may treat the notice of appeal as a motion for leave to appeal. Michael White's notice of appeal will be treated in part as a motion to appeal the bankruptcy court's non-dispositive order regarding his exemption claims, and this motion will be denied. As a result, Mr. White's present appeal is limited to an appeal of the bankruptcy court order granting in part and denying in part the Trustee's motion for sanctions.

**IV.**

In the final section of his motion and brief, Mr. Budzynski argues that he should be awarded costs in the amount of $3,500 because Mr. White has brought his appeal in violation of Rule 11. Mr. Budzynski has not provided any explanation or legal support for his conclusory assertion that sanctions are appropriate, nor has he provided any documentation suggesting that $3,500 is an appropriate sum. Mr. Budzynski's request for sanctions will be denied at this time. However he is free to reassert his request for sanctions in a motion setting forth a factual basis and citing to legal authority for the requested relief.

**V.**

Accordingly, it is **ORDERED** Michael White's motion to strike, ECF No. 4, is **DENIED.**

It is further **ORDERED** that Thomas Budzynski's motion to dismiss, ECF No. 3, is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that the claims Michael White has attempted to assert *pro se* on behalf of the estate of Darla White are **DISMISSED**.

- 15 -

It is further **ORDERED** that the notice of appeal is **CONSTRUED** as a motion to appeal the bankruptcy court Order Regarding Debtor's Motion for Reconsideration (Bankr. Docket Number 502) as it relates to that order.

It is further **ORDERED** that the motion to appeal the bankruptcy court Order Regarding Debtor's Motion for Reconsideration (Bankr. Docket Number 502) is **DENIED.**

It is further **ORDERED** that Mr. Budzynski's request for sanctions, ECF No. 3, is **DENIED without prejudice.**

A scheduling order is forthcoming with regard to Michael White's remaining appeal of the bankruptcy court order granting in part and denying in part the Trustee's motion for sanctions.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: November 29, 2016

<div style="border:1px solid black;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 29, 2016.

        s/Michael A. Sian
        MICHAEL A. SIAN, Case Manager

</div>