UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: Michael B. White,

        Debtors,

MICHAEL B. WHITE,

        Appellant,                      Case No. 16-cv-11188
v.                                                     Honorable Thomas L. Ludington

COLLENE K. CORCORAN, United States Trustee,

        Appellee.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 1, 2016, Appellant Michael White, acting on his own behalf and purportedly on behalf of his deceased wife, initiated this latest appeal of his bankruptcy proceedings. *See* ECF No. 1. White's appeal was based on bankruptcy court orders denying a variety of White's requested exemptions and an order granting sanctions in favor of the Trustee. On April 19, 2016 the Trustee's former attorney Thomas J. Budzynski, purportedly acting on his own behalf as a creditor of the estate, filed a motion to dismiss White's appeal. *See* ECF No. 3. Budzynski argued that White was impermissibly attempting to represent his deceased wife and that the exemptions order was not a final appealable order. Mr. White responded by filing a motion to strike Mr. Budzynski's motion for lack of standing. *See* ECF No. 4. By an order dated November 29, 2016 White's motion to strike was denied and Mr. Budzynski's motion to dismiss was granted. *See* ECF No. 14. As a result, White's challenge to the exemption order was

dismissed. White's subsequent motion to file an interlocutory appeal was denied. *See* ECF No. 17.

The only remaining issue, therefore, was whether the Bankruptcy Judge abused his discretion in imposing sanctions on Appellant White in the amount of $2,000. By an order dated April 28, 2017, the bankruptcy court's order awarding sanctions against Michael White was affirmed. *See* ECF No. 26. White now moves for reconsideration of the order granting Mr. Budzynski's motion to dismiss and the order affirming the award of sanctions.

**I.**

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). Under Eastern District of Michigan Local Rule 7.1(h)(1), a motion for reconsideration must be filed within 14 days after entry of the challenged judgment or order.

In his motion for reconsideration, Michael White first takes issue with the order preventing him from proceeding on behalf of the estate of Darla White. Mr. White argues that he should be allowed to continue representing the property in the estate, because all of the property in Darla White's estate passed to him. White's motion in this regard is untimely, as the order he seeks to challenge was issued on December 21, 2016, and he was required to file any motion for reconsideration within 14 days of the issuance of that order. Even so, if White is correct that all of the assets in Darla White's estate, including presumably the estate's claim

against appellee, passed directly to him, then that simply bolsters the Court's previous ruling that he should not be bringing claims on behalf of her estate.  If White now owns all of the property at issue, there is no reason that he continues to sign Darla White's name on all of his filings.  Because Darla White is deceased, and because – as argued by Michael White – Michael White now owns all of the assets that passed into her estate, he should be proceeding only in his own name or as an assignee of the estate, and should cease listing Darla White as a party and signing her name on his filings.   White's motion for reconsideration in this regard will therefore be denied.

Michael White also moves for reconsideration of the order upholding the bankruptcy court's award of sanctions. White argues that instead of awarding sanctions against him in the Trustee's favor, the bankruptcy court should have sanctioned Mr. Budzynski. In so arguing, White does not identify any clear error or palpable defect in the Court's prior ruling, and merely restates arguments already rejected by this Court and expresses disagreement with the outcome. White's motion for reconsideration will therefore be denied.

**II.**

Accordingly, it is **ORDERED** that White's motion for reconsideration, ECF No. 28, is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: May 23, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2017.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager